IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JOSEPH SAMUEL GOETZ, ) | CASE NO. 03-39850-H3-11 |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| LYNN RAE LEVIT GOETZ, ) | ADVERSARY NO. 05-3490 |
| ) | |
| Plaintiff ) | |
| ) | |
| VERSUS ) | |
| ) | |
| JOSEPH SAMUEL GOETZ, ) | |
| ) | |
| Defendant ) | |
| ) | |

MEMORANDUM OPINION

The court heard the Motion To Dismiss Under Fed. R. Civ.P.12(b)(6) or Alternatively, To Abstain and For Sanctions (Docket No. 6) filed by Joseph Samuel Goetz, Defendant, and after considering the response, pleadings, and argument of counsel, the court makes the following findings of fact and conclusions of law granting the motion and dismissing the above captioned adversary proceeding. To the extent any findings of fact are construed to be conclusions of law, they are adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are adopted as such.

Joseph Samuel Goetz ("Debtor") and Lynn Rae Levit Goetz ("Claimant") are former spouses and were divorced in September 2002. The divorce action was litigated for approximately four years. The 257th Family Court of Harris County, Case No. 1999-53560 ("state court"), awarded a $470,000 judgment in favor of Debtor and against Claimant. Claimant appealed and deposited $568,700 in state court in lieu of a supersedeas bond to stay execution on the judgment awarded to Debtor. In connection with the divorce, in a Mediated Settlement Agreement, each spouse agreed to give any non-disclosed community property to the other spouse, regardless of when any such non-disclosed property was discovered.

On July 9, 2003, Debtor filed a voluntary Chapter 11 bankruptcy proceeding. On November 5, 2003, Claimant filed an unliquidated claim and asserted a security interest in the monies on deposit with the state court. The unliquidated claim was for

> [s]upport, indemnity and/or failure to disclose property and any omitted property pursuant to the divorce decree, including any other rights, claims or interest of Claimant in Cause No. 1999-53560 in the 257th Judicial District Court of Harris County, Texas.

Proof of Claim No. 19, Main Case No. 03-39850-H3-11.

Debtor's Second Amended Plan of Reorganization was confirmed on June 23, 2004. Main Case No. 03-39850-H3-11, Docket No. 91. Claimant did not file an Objection to the Disclosure Statement or the Chapter 11 plan. Claimant also did not appeal the confirmation order. On September 10, 2004, the Texas Supreme Court

declined to review Claimant's appeal of Debtor's state court judgment. On December 15, 2004, Debtor was authorized by the state court to execute on the judgment. Debtor collected over $570,000 and pursuant to his plan, paid secured and administrative claims. The remaining monies are for payment of allowed unsecured claims under the plan. Main Case No. 03-39850-H3-11, Docket No. 71.

The day after Debtor collected on the judgment, December 16, 2004, Claimant amended her proof of claim to reflect an unsecured claim in the amount of $1,113,275 which figure was "subject to increase." The claim is based upon compensation owed to Claimant to the extent that certain specified assets

> (i) constitute community property not properly disclosed by Debtor pursuant to the inventory submitted at the time of trial (March 2002) in Cause No. 1999-53560 in the 257th Judicial District Court of Harris County, Texas (the "Divorce Decree"), and (ii) are no longer in the Debtor's possession.

Proof of Claim No. 24, Main Case No. 03-39850-H3-11.

On December 17, 2004, Claimant filed a Motion To Revoke Confirmation Order in Debtor's main case Chapter 11 bankruptcy proceeding based upon Debtor's failure to disclose income and assets. The court denied the motion without prejudice to filing an adversary proceeding. Docket Nos. 128 and 132, Main Case No. 03-39850-H3-11.

On January 11, 2005 Claimant refiled a copy of the same motion with the court but as a separate adversary proceeding, Adversary 05-3028. The court dismissed Adversary 05-3028 on the

basis that the complaint failed to state a claim and the cause of action was time barred.  Plaintiff filed the instant adversary proceeding requesting that the court deny Debtor a discharge pursuant to 11 U.S.C. § 1141(d)(2) and (3).

The issues raised in this adversary proceeding, as well as Plaintiff's filings in the main case, and Adversary 05-3028, arise out of the state court divorce case.  The court notes that the Plaintiff has engaged in a practice of filing repetitive pleadings in the Debtor's main case bankruptcy proceeding and in a number of adversary proceedings, all of which appear to arise out of her dissatisfaction with the outcome of the state court divorce case.  This is essentially a two party dispute which appears to continue to be exceedingly contentious and has been ongoing since 1999.

The basis of the claim revolves around the provision in the divorce decree that awards undisclosed assets under the control of one spouse to the other spouse upon discovery of the asset. Claimant's allegations are based "on information and belief, and subject to further discovery," that Debtor failed to disclose "sources of revenue" and "material assets."  Complaint To Deny Chapter 11 Discharge, Docket No. 1.  Claimant alleges that these non-disclosures and active misrepresentations would result in the debtor not receiving a discharge under § 727(a) if this were a case under Chapter 7.  She further alleges that her purported claim

4

based upon the provision in the divorce decree is not dischargeable under section 523 of the Bankruptcy Code.

Section 1141 of the Bankruptcy Code sets out the effect of confirmation.  Subsection (d) provides, in pertinent part, that confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation whether or not a proof of claim is filed, the claim is allowed, or the claimant has accepted the plan.  Only a debtor who is an individual may receive a discharge.  11 U.S.C. § 727(a)(1).

The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of the Bankruptcy Code.  11 U.S.C. § 1141(d)(2).  Further, confirmation of a plan does not discharge a debtor if: the plan provides for liquidation of all or substantially all of the property of the estate; debtor does not engage in business after consummation of the plan; and the debtor would be denied a discharge under section 727(a) of the Bankruptcy Code if the case were a case under chapter 7.  11 U.S.C. § 1141(d)(3).

Plaintiff claims that any indebtedness to her is not discharged pursuant to: section 523(a)(2)(A) and (B) - based on false representations of the debtor or by use of a materially false statement in writing regarding debtor's financial condition upon which the creditor relied; section 523(a)(4) - based upon fraud or defalcation while acting in a fiduciary capacity, embezzlement or

5

larceny; section 523(a)(6) - based on willful and malicious injury by the debtor to another entity or to the property of another entity; and section 523(a)(15) - based upon a debt, which is not support or alimony, and is incurred in the course of a divorce or separation proceeding.

The provisions of 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c), applicable to the instant case[1], provide that in a Chapter 11 case, a complaint under section 523(a)(2), (4), (6), and (15) must be filed within sixty (60) days after the first date set for the meeting of creditors under section 341(a). Other dischargeability issues may be raised at any time under Rule 4007(b). The 60 day deadline for filing dischargeability complaints under the referenced subsections was enacted to establish a uniform period of time in all bankruptcy courts for their filing. Complaints filed under section 523(a)(2), (4), (6) are based upon the improper conduct of a debtor.

In the instant case, the first date set for the meeting of creditors was August 7, 2003. Thus, the deadline for filing causes of action under the relevant subsections of section 523 was

---

[1] The Bankruptcy Reform Act of 1994 added section 523(a)(15) as a debt to which a dischargeability proceeding was required to be filed within 60 days of the first date set for the meeting of creditors under section 341(a). See section 523(c) and Bankruptcy Rule 4007(c). Section 523(a)(15) was deleted from section 523(c) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The 2005 statutory section is effective in cases filed after October 17, 2005 and does not apply to the instant Chapter 11 bankruptcy proceeding.

October 6, 2003. The above captioned adversary proceeding was filed on June 22, 2005, long after the deadline passed.

Plaintiff also alleges that Debtor should be denied a discharge for his actions under: section 727 (a)(2) - debtor, with intent to hinder, delay or defraud his creditors, has transferred, removed, mutilated, or concealed, or permitted any similar action by another, with respect to property of the estate or property of the debtor, within the one year prior to the filing of the petition or after the filing of the petition; section 727(a)(3) - debtor concealed, destroyed, mutilated, falsified or failed to keep or preserve any books and records from which his financial condition might be ascertained; section 727(a)(4) - debtor knowingly and fraudulently made a false oath, presented or used a false claim, obtained money, property or an advantage, or the promise thereof, to act or forbear to act, or withheld books and records relating to the debtor's property or financial affairs from an officer of the estate entitled to possession of them; section 727(a)(5) - failure of the debtor to explain satisfactorily any loss of assets or deficiency of assets of the estate; and section 727(a)(7) - debtor has committed any of the above acts, within one year of the date of filing the petition, concerning an insider. Complaint, Docket No. 1.

Bankruptcy Rule 4004(a) provides that a complaint objecting to discharge in a Chapter 11 proceeding must be filed no later than the first date set for hearing on the confirmation of the plan.  This date is the last possible time an objection to discharge can be certain to prevent a discharge, since the court may enter an order confirming a plan at that hearing and the confirmation order has the effect of an order of discharge.  The requirements of this portion of the rule are to be interpreted in the same way as those relating to chapter 7.  It is clear that the complaint must actually be filed by the deadline and that the deadline does not change even if the hearing on confirmation is postponed.  11 U.S.C. 1141(d)(1); See 9 *Collier on Bankruptcy* ¶ 4004.02[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005).  In the instant case, the first date set for hearing on confirmation was June 23, 2004.  Docket Nos. 77, Main Case No. 03-39850-H3-11.  This adversary proceeding was filed approximately one year after the deadline.

Deadlines are meant to further the policy of finality. The issues of denying discharge or dischargeability of a debt must be raised by a creditor before the deadlines expire or they are forever lost to the creditor.  The Supreme Court made clear in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992) that deadlines in the Bankruptcy Rules are to be complied with strictly.  The Supreme Court stated that "[d]eadlines

8

may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor*, 112 S. Ct. 1644, 1648. See 9 *Collier on Bankruptcy* ¶ 4004.02[2] and ¶ 4007.04[1][a] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005).

A creditor may obtain an extension of time to file objections to discharge and dischargeability of debts. Any request for extension must be filed before the deadline has expired. Bankruptcy Rule 4004(b) and 4007(c). No extensions of time were requested by Plaintiff in the main case bankruptcy proceeding.

In her response, Plaintiff cited the United States District Court opinion in the case of *Jones v. NCNB Texas, N.A.*, 143 B.R. 687 (S. D. Tex. 1991), *aff'd* 966 F. 2d 169 (5th Cir. 1992) for the proposition that the strict time limits of Bankruptcy Rule 4004 was not applicable when the allegations specifically aver post-petition conduct or violations of Court orders. Plaintiff's reliance on this case for the proposition stated is misplaced. The Fifth Circuit Court of Appeals affirmed the district court's ruling but addressed the issue of the timeliness of the complaint objecting to discharge. *Matter of Jones*, 966 F. 2d 169 (5th Cir. 1992).

The 5th Circuit determined that the complaint was timely under the strict time limits of Bankruptcy Rule 4004 since the main case bankruptcy proceeding had been converted from Chapter 11 to Chapter 7. The 5th Circuit cited Bankruptcy Rule 1019(2) which

9

provides that a new period for filing objections to discharge begins upon conversion. Thus, upon applying the strict deadlines set forth in Rule 4004, the 5th Circuit found that the complaint in *Jones* was timely filed.

Based upon the foregoing, the request for dismissal of this adversary contained in the Motion To Dismiss Under Fed. R. Civ.P.12(b)(6) or Alternatively, To Abstain, and For Sanctions (Docket No. 6) filed by Joseph Samuel Goetz, is granted.

Signed at Houston, Texas on this 30th day of March, 2006.

                              LETITIA Z. CLARK
                              UNITED STATES BANKRUPTCY JUDGE